UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO. 09-327-JBC

MICHAEL RAY CONLEY,                                                                  PLAINTIFF,

V.                 **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,                        DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment on Michael Ray Conley's appeal of the Commissioner's denial of his application for disability insurance benefits (R. 10, 11). The court, having reviewed the record and being otherwise sufficiently advised, will deny Conley's motion and grant the defendant's motion.

I. OVERVIEW OF THE PROCESS

Judicial review of the decision of an Administrative Law Judge ("ALJ") to deny disability benefits is limited to determining whether there is substantial evidence to support the denial decision and whether the Secretary properly applied relevant legal standards. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 382 (1971)). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25

F.3d 284, 286 (6th Cir. 1994). The court does not try the case *de novo* or resolve conflicts in the evidence; it also does not decide questions of credibility. *See id*. Rather, the ALJ's decision must be affirmed if it is supported by substantial evidence, even though the court might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. At Step 1, the ALJ considers whether the claimant is performing substantial gainful activity; at Step 2, the ALJ considers whether one or more of the claimant's impairments are "severe"; at Step 3, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a listing in the Listing of Impairments; at Step 4, the ALJ determines whether the claimant can perform past relevant work; and, finally, at Step 5 – the step at which the burden of proof shifts to the Commissioner – the ALJ determines, once it is established that the claimant cannot perform past relevant work, whether significant numbers of other jobs exist in the national economy which the claimant can perform. *See Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520.

## II. THE ALJ'S DETERMINATION

At the time of the alleged disability onset date, Conley was a forty-two-year-old male with a high-school education and prior work experience as a coal plant foreman and heavy equipment operator. AR 16-17. He alleged disability beginning on June 12, 2007, due to heart disease and testicular cancer. AR 24-27, 114.

2

Conley filed his claim for disability insurance benefits on June 25, 2007, which was denied initially and on reconsideration. AR 43-50. After a video hearing held on April 9, 2009, Administrative Law Judge ("ALJ") Roger L. Reynolds determined that Conley did not suffer from a disability as defined by the Social Security Act. AR 9. At Step 1, the ALJ determined that Conley had not engaged in substantial gainful activity since the alleged onset of disability. AR 11. At Step 2, the ALJ found that Conley had the severe impairments of coronary artery disease, status post coronary artery bypass grafting x4; and testicular cancer, status post right orchiectomy. AR 11. The ALJ then determined that Conley's impairments did not meet or equal a listing of the Listing of Impairments at Step 3. AR 13. At Step 4, the ALJ found Conley unable to perform past relevant work. AR 16. Finally, at Step 5, the ALJ found that with Conley's residual functional capacity, jobs that Conley can perform exist in a significant number in the national economy, and the ALJ therefore denied Conley's claim for disability insurance benefits. AR 17, 18. Conley appealed to the Appeals Council, his appeal was denied, and he commenced this action.

III. LEGAL ANALYSIS

Conley claims the Commissioner's decision was not supported by substantial evidence for two reasons: (1) the ALJ erred in determining that Conley can perform jobs based on the medical evidence; and (2) the ALJ gave improper weight to non-examining sources. The court will consider these arguments in turn.

A. <u>Medical evidence</u>

Conley objects to the ALJ's determination that Conley can perform jobs that exist in significant numbers in the national economy, specifically because Conley's treating physician, Dr. Hassan Ghazal, opined that the plaintiff would be unable to work for more than four hours in an eight-hour day. AR 782. The opinions of a treating physician are entitled to significant deference. *See e.g.*, *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). An ALJ may, however, reject the opinion of the treating physician when that opinion is not sufficiently supported by medical findings. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530 (6th Cir. 1997); *Bogle v. Sullivan*, 998 F.2d 342, 347-48 (6th Cir. 1993); *Cutlip*, 25 F.3d at 287.

Dr. Ghazal's own treatment records for Conley do not support his opinion that Conley is unable to work for more than four hours a day. In December 2007, Conley exhibited no shortness of breath, no chest pain, had an intact musculoskeletal system, and was found to be "doing well." AR 753-55. Dr. Ghazal continued to find Conley to be without any problems, finding no chest pain, shortness of breath, weakness or fatigue, or obvious distress during appointments in January and February 2008. AR 756-58, 760, 762, 914, 916-17, 919. From February to October 2008, Dr. Ghazal noted that Conley had no specific complaints, had an intact musculoskeletal system, and had normal physical exam findings. AR 920-925. The ALJ properly determined that Dr. Ghazal's

opinion did not accurately reflect Conley's limitations based on the medical evidence. AR 16.

Conley relies on another treating physician, Dr. Murad, who opined that Conley was unable to lift more than ten pounds and could stand for less than two hours in an eight-hour day. AR 895. Dr. Murad's treatment records, however, indicated that Conley had no shortness of breath, no chest pain, and no activity restrictions or limitations. AR 621-28, 631-32, 634-35, 637-68, 640-46. The ALJ properly determined that Dr. Murad's opinion was inconsistent with his own treatment notes and gave limited weight to his assessment. AR 16.

The ALJ also considered the opinions of state agency consultants, who opined that Conley was capable of light work. AR 16. State agency consultants are qualified physicians who are experts in Social Security disability evaluation. 20 C.F.R. § 404.1527(f)(2)(I). Because the state agency consultants' opinions were part of the record, the ALJ properly considered those opinions along with the treating physicians' opinions. 20 C.F.R. §§ 404.1527, 404.1545.

B. <u>Non-examining sources</u>

Conley argues that the ALJ erred in basing his decision on the opinions of non-examining sources in assessing residual functional capacity. The ALJ is free to consider all relevant medical evidence and other evidence. *See* 20 C.F.R. §§ 404.1527, 404.1545. The ALJ considered but gave no weight to the assessment of Dr. Ghazal, and he considered but gave limited weight to the

5

assessment of Dr. Murad based on the medical evidence and other evidence in the record. AR 16. Also based on the medical evidence and other evidence in the record, the ALJ considered and gave probative weight to the assessments of the state agency consultants. AR 16. The ALJ stated that the opinions of non-examining physicians are not entitled to *controlling* weight, but he considered and weighed those opinions appropriately. AR 16. A conflict between the examining sources, the non-examining sources, and the treatment records of Conley existed. The ALJ had the duty to resolve the conflict. *See Richardson v. Perales*, 402 U.S. 389, 399 (1971). He had substantial evidence in the record when he found that the examining physician assessments were inconsistent with the medical evidence but that the non-examining assessments were supported by the medical evidence and other evidence in the record.

## III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the Commissioner's motion for summary judgment (R. 11) is **GRANTED.**

**IT IS FURTHER ORDERED** that Conley's motion for summary judgment (R. 10) is **DENIED.**

A separate judgment will issue.

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

Signed on March 24, 2011